IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. CASE NO. 2:22-cr-317-ECM |
| | ) | [WO] |
| KAWASI WILSON | ) | |

**MEMORANDUM OPINION and ORDER**

Defendant Kawasi Wilson was charged on October 25, 2022, in a three-count indictment with possession of a firearm by a convicted felon, possession with the intent to distribute cocaine, and possession of a firearm in furtherance of a drug trafficking crime. (Doc. 1).

On August 13, 2023, Wilson filed a motion *in limine* to preclude the Government from introducing evidence regarding prior crimes and other acts pursuant to Federal Rule of Evidence 404(b). (Doc. 42).  Wilson argues that the Government should be precluded from introducing the following evidence: (1) Wilson's 2003 conviction for conspiracy to distribute and possess with intent to distribute cocaine base; (2) Wilson's 2010 conviction for distribution of cocaine base; (3) the Hoover Police Department's arrest of Wilson on August 9, 2022, after Wilson had allegedly fled from a traffic stop and discarded cocaine by throwing it from his vehicle; and (4) Wilson's possession of $7,490 in United States currency during a traffic stop in Elmore County, Alabama.  Wilson contends that evidence regarding his prior drug convictions would be unduly prejudicial because it would lead the jury to conclude that Wilson must have committed the drug- and firearm-related offenses

1

charged in this case. (Doc. 42 at 4–5). Wilson also suggests that the evidence regarding the traffic stops would be unduly prejudicial. In response, the Government represents that it no longer intends to introduce evidence regarding the Elmore County traffic stop. (Doc. 44 at 2). However, the Government argues that the evidence of Wilson's prior convictions and the August 9, 2022 traffic stop is admissible to prove Wilson's knowledge, motive, intent, lack of mistake, and lack of accident. The Government also contends that evidence regarding the August 9, 2022 traffic stop is intrinsic to the charged offenses and is thus outside the purview of Rule 404(b).

"Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." FED. R. EVID. 404(b)(1). However, such evidence is admissible "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identify, absence of mistake, or lack of accident." FED. R. EVID. 404(b)(2). The Eleventh Circuit uses a three-prong analysis to determine whether evidence of other crimes or acts is admissible under Rule 404(b): (1) the evidence must be relevant to an issue other than the defendant's character; (2) there must be sufficient evidence for a jury to conclude by a preponderance of the evidence that the defendant committed the other crime(s) or act(s); and (3) the probative value of the offered evidence must not be substantially outweighed by undue prejudice, and the evidence must satisfy Rule 403. *United States v. Ford*, 784 F.3d 1386, 1393 (11th Cir. 2015); *United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007).

2

Additionally, Rule 404(b)(1)'s limitation does not apply to "evidence of uncharged offenses that are intrinsic to the charged conduct." *United States v. Dixon*, 901 F.3d 1322, 1344 (11th Cir. 2018) (citation omitted). Evidence is intrinsic if it (1) arises "out of the same transaction or series of transactions as the charged offense," (2) "is necessary to complete the story of the crime," or (3) "is inextricably intertwined with the evidence regarding the charged offense." *Id.*

Evidence regarding the August 9, 2022 traffic stop may be so "inextricably intertwined with the evidence regarding the charged offense" that it falls outside the scope of Rule 404(b). *See id.* at 1344–45 (citation omitted). Additionally, because Wilson is charged with possession with intent to distribute a controlled substance and possession of a firearm in furtherance of a drug trafficking offense, Wilson's prior convictions and evidence regarding the August 9, 2022 traffic stop may be relevant to prove his knowledge, motive, intent, lack of mistake, lack of accident, or some combination. However, the Court is unable to determine the admissibility of the evidence at this stage. Consequently, Wilson's motion *in limine* is due to denied without prejudice with leave to raise the issues at trial.

Accordingly, it is

ORDERED that Wilson's motion *in limine* (doc. 42) is DENIED without prejudice with leave to raise the issues during trial. Counsel are DIRECTED, prior to discussing or introducing this evidence at trial, to notify both the Court and opposing counsel, and to allow the Court an opportunity to rule on the admissibility of this evidence.

Done this the 18th day of August, 2023.

                                      /s/ Emily C. Marks
                                  EMILY C. MARKS
                                  CHIEF UNITED STATES DISTRICT JUDGE